

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

_____

**United States Bankruptcy Judge**

**Signed February 04, 2013**

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 13 |
| KIMBERLY PAIGE GOESLING | § | |
| | § | CASE NO. 11-46916-DML |
| Debtor. | § | |
| | § | |
| | § | |
| | § | |
| KIMBERLY PAIGE GOESLING | § | |
| | § | |
| Plaintiff, | § | ADVERSARY NO. 12-04026 |
| | § | |
| v. | § | |
| | § | |
| NATIONAL CITY MORTGAGE, a subsidiary of | § | |
| NATIONAL CITY CORPORATION, PNC | § | |
| FINANCIAL SERVICES GROUP, INC. AND | § | |
| FEDERAL HOME LOAN MORTGAGE | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | |

1

## MEMORANDUM OPINION

Before the court is *PNC Bank, National Association's Motion for Summary Judgment* (the "Motion") filed by Defendant PNC Bank, National Association ("PNC").[1]  The court conducted a hearing on the Motion on October 31, 2012, and heard argument from the parties at that time.  The court has also reviewed the briefs filed by the parties and the summary judgment evidence they have submitted, identified as necessary below.

This matter is subject to the court's core jurisdiction. 28 U.S.C. §§ 1334 and 157(b)(2). This memorandum opinion constitutes the court's findings of fact and conclusions of law. FED. R. BANKR. P. 7052.

### Discussion

I.      *Summary Judgment Standard*

Summary judgment is proper when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c).  *Jenkins v. Chase Home Mortgage Corp.*, 81 F.3d 592, 595 (5th Cir. 1996).  It is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

In the case at bar, the facts are not disputed.  Summary Judgment is therefore appropriate.

II.     *Defendant is Entitled to Summary Judgment*

---

[1]     Debtor names three defendants, one is a predecessor in interest of PNC and the other, Federal Home Loan Mortgage Corporation ("FHLMC"), is the beneficial owner of Debtor's note.  On September 24, 2012, FHLMC joined the Motion.  The court will use the term "Defendant" to refer collectively to the defendants.

2

This Adversary Proceeding was commenced by Debtor to challenge the validity of Defendant's foreclosure of her home.  There is no dispute that Defendant followed all procedures for foreclosure properly and that the transfer of the home to Defendant was complete before Debtor commenced her chapter 13 case.  The only defect that Debtor alleges is that the notice of default and acceleration of Defendant's debt, though sent to the proper address, was directed to her using her prior, married name, even though Defendant was aware that Debtor no longer used that name.[2]

Debtor does not deny that she had received other correspondence from Defendant using her former married name[3] nor that she recognized that the notice of default and acceleration was intended for her.[4]  Debtor simply asserts that Defendant's use of the wrong name amounted to a failure to give the notice require by Texas Property Code § 51.002(d) and that this failure made the subsequent foreclosure on her home fatally flawed.

Section 51.002 of the Texas Property Code provides in pertinent part:

> …
>
> (b) Except as provided by Subsection (b-1) notice of the sale, which must include a statement of the earliest time at which the sale will begin, must be given at least 21 days before the date of the sale by:
>
> > …
> >
> > (3) serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt is obligated to pay the debt.
> >
> > …

---

[2]     Brief in Support of Response to Motion for Summary Judgment at 3-4, Adv. No. 12-04026, Docket No. 25, (Bankr. N.D. Tex. Oct. 30, 2012).

[3]     Brief in Support of PNC Bank, Nat'l Assoc.'s Motion for Summary Judgment, Loan Modification Agreement dated March 1, 2009 (marked as Exhibit D) and Loan Modification Agreement dated January 1, 2011 (marked as Exhibit E), Adv. No. 12-04026, Docket No. 11, (Bankr. N.D. Tex. July 16, 2012).

[4]     The notice was sent by certified mail, but never retrieved from the Post Office by Debtor.

3

(d) Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b).

(e) Service of a notice under this section by certified mail is complete when the notice is deposited in the United States Mail, postage prepaid and addressed to the debtor at the debtor's last known address.

Pursuant to section 51.002(e) notice must be sent to the debtor's last known address. There is no statutory requirement that the notice properly name the debtor. Neither party has cited authority to the court that a debtor's correct name is or is not a necessary element of notice under section 51.002.

The question thus becomes whether, under general law respecting notice, the notice sent by Defendant is nevertheless so defective that it was ineffective. Generally, to be effective, a notice must be reasonably calculated to reach its intended target and alert that person to the contents and purpose of the notice.[5]

Here there is no question that Debtor received notice that Defendant's letter advising of default and acceleration awaited her at the post office. Nor is there an issue as to whether she in fact knew that she was the person to whom it was addressed. The notice was therefore sufficient to alert her to the impending foreclosure on her home. That being so, the notice was sufficient to comply with Texas law.

---

[5] More specifically, due notice is defined as "[s]ufficient and proper notice that is intended to and likely to reach a particular person or the public; notice that is legally adequate given the particular circumstance." *Ryan v. Rincon Island Ltd. P'ship. (In re Rincon Ltd. P'ship.)*, 253 B.R. 880, 887 (Bankr. C.D. Cal. 2000) (citing BLACK'S LAW DICTIONARY 1088 (7th ed. 1999); *see also United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 130 S.Ct. 1367, 1372 (2010) ("notice [is sufficient when] 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections'" (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652 (1950))).

For the foregoing reasons, the Motion must be granted.  Defendant is directed to prepare and submit a judgment consistent with this memorandum opinion.  Each party shall bear its own costs.

It is so ORDERED.

**# # # # END OF MEMORANDUM OPINION # # # #**